UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00063-GNS-RSE

ROY S. BUNCH                                                                                                  PLAINTIFF

v.

JANSSEN PHARMACEUTICALS                                                                    DEFENDANT

**ORDER**

This matter is before the Court on Plaintiff's Objection (DN 66) to the Magistrate Judge's Report and Recommendation (DN 62) regarding Plaintiff's motions (DN 46, 47, 55, 56, 57, 59).

### I.  BACKGROUND

Plaintiff Roy S. Bunch ("Bunch") filed this *pro se* action against Defendant Janssen Pharmaceuticals ("Janssen"). (Compl. 1-9, DN 1). Bunch alleged that he has suffered long-term adverse effects from the antibiotic Levaquin, which he began taking in 2014. (Compl. 1, 9). In the Complaint, Bunch requested: (i) compensatory damages - $2 million; (ii) punitive damages - $750,000; and (iii) negligent manufacturing damages - $200,000. (Compl. 9]). Bunch subsequently revised his damages request to $200,000 for negligent manufacturing, and $200,000 for compensatory damages. (Pl.'s Mot. Default J. 2, DN 47).

The Court referred this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Order, DN 44). After Janssen was served but failed to appear, a clerk's entry of default was entered against Janssen. (Clerk's Entry Default, DN 45).

Bunch twice moved for a default judgment against Janssen. (Pl.'s Mot. Default J., DN 46; Pl.'s Mot. Default J., DN 47). Between October 2024 and May 2025, Bunch had the opportunity to present evidence in support of his claim for damages. At his request, the Magistrate Judge granted several extensions of time to provide proof. (Order, DN 48; Order, DN 52; Order, DN 54). Bunch also moved for the issuance of a subpoena, for the appointment of expert witnesses, and for an order compelling

1

the timely delivery of his legal mail at the Luther Luckett Correctional Complex. (Pl.'s Mot. Issue Subpoena, DN 55; Pl.'s Mot. Appoint Expert Witnesses, DN 57; Pl.'s Mot. Compel, DN 59).

On July 25, 2025, the Magistrate Judge issued the report and recommendation (R. & R.) recommending that the motions for default judgment be denied with prejudice. (R. & R. 20, DN 62). While the Magistrate Judge ruled that Bunch had failed to state a civil rights claim under 42 U.S.C. § 1983, the R. & R. concluded that he had alleged sufficient allegations to support a products liability claim. (R. & R. 7-9). As to the damages requested for this tort claim, the Magistrate Judge concluded that Bunch had failed to present sufficient evidence to prove his damages with a reasonable certainty. (R. & R. 9-18). The R. & R. recommended that the other motions be denied. (R. & R. 20). After being granted an extension, Bunch timely filed an objection. (Order, DN 65; Pl.'s Obj., DN 66).

## II.     STANDARD OF REVIEW

In general, this Court conducts a *de novo* review of the portions of a Magistrate Judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate judge." *Id.* As a sister court has noted:

> Objections to a magistrate judge's report and recommendation are reviewed *de novo*. The Sixth Circuit Court of Appeals has stated that "[o]verly general objections do not satisfy the objection requirement." "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Poorly drafted objections, general objections, or objections that require a judge's interpretation are ineffective and insufficient to preserve the right of appeal.

*Dean v. Beckstrom*, No. 13-129-DLB-EBA, 2014 WL 5460830, at *2 (E.D. Ky. Oct. 27, 2014) (internal citations omitted) (citation omitted).

## III.     DISCUSSION

### A.     Motions for Default Judgment (DN 46, 47)

Following the entry of default against Janssen, Bunch moved for default judgment and requested an award of damages. (Pl.'s Mot. Default J. Ex. C, at 2-3, DN 46-4; Pl.'s Mot. Default J. 2,

2

DN 47). "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 455 (6th Cir. 2011) (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995)). "[T]he Court may not simply accept [a plaintiff's] statement of his damages without sufficient proof that he is entitled to those damages." *Flynn's v. People's Choice Home Loans*, No. 05-1035-T-AN, 2008 WL 819882, at *3 (W.D. Tenn. Mar. 25, 2008) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young, Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages, even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (citing *Griffiths v. Francillon*, No. CV 10-3101(JFB) (GRB), 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012)).

> In addressing the issue of damages, the R. & R. noted:
>
> Because products liability cases are typically outside the knowledge of ordinary people, "expert witnesses are generally necessary . . . to prove such matters as a product defect and proximate causation, unless of course the nature of the defect and resultant injuries are so obvious as to fall within the general knowledge of the ordinary person."

(R. & R. 8 (quoting *Thomas v. Manchester Tank & Equip. Corp.*, No. 3:03-CV-705-H, 2005 U.S. Dist. LEXIS 9225, at *3 (W.D. Ky. May 13, 2005))). As noted in the R. & R., the Magistrate Judge gave Bunch numerous opportunities to present evidence to support his damages. (R. & R. 9-18). After receiving Bunch's submission and in light of the amount time granted for the submission of proof, the Magistrate Judge recommended that his requests for damages be denied, and the motions for default judgment be denied with prejudice. (R. & R. 16-18).

In his objection, Bunch discusses his difficulty in obtaining evidence to support his damages claim and his willingness to continue to seek such evidence. (Pl.'s Obj. 2-4). Unfortunately, it is too late to present evidence that had not been previously presented to the Magistrate Judge, who had given

Bunch a significant period of time to obtain any evidence to support his damages. As a sister court has noted:

> As a general rule, district courts do not have to consider arguments on review that were not raised before the magistrate judge. By logical extension, "[i]t is inappropriate to offer new evidence at the time objections are filed and to argue that the Magistrate Judge erred in his recommendation." Thus, Defendants cannot show that the Magistrate Judge erred, in finding that provision of the requested information would prove unduly burdensome, by citing evidence that was not before the Magistrate Judge for consideration.

*Nathan v. Ohio State Univ.*, No. 2:10-CV-872, 2013 WL 139874, at *4 (S.D. Ohio Jan. 10, 2013) (alteration in original) (internal citations omitted). As another court has noted, "[t]he Magistrate Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate [judge], then another past the district court.'" *Resch v. Bush*, No. 1:21-CV-293, 2023 WL 1470268, at *1 (W.D. Mich. Feb. 2, 2023) (citation omitted); *see also Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005) ("[L]itigants cannot be permitted to use litigation before a magistrate judge as something akin to a spring training exhibition game, holding back evidence for use once the regular season begins before the district judge."). In addition, allowing a plaintiff to present new evidence to the district judge wastes judicial resources and is contrary to the purpose of the Magistrates Act. *See United States v. Ickes*, No. 1:15-CR-00004-GNS-2, 2017 WL 1017120, at *1 (W.D. Ky. Mar. 15, 2017) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Based on the Court's review, the R. & R. is well-reasoned and thoroughly explains why Bunch has failed to present sufficient proof to support any damages for his negligent manufacturing claim. As noted above, Bunch was given numerous opportunities to develop proof in support of his damages claim. Because he has failed to present sufficient proof, the Magistrate Judge did not err, and Bunch's objection is overruled.

**B.      Remaining Motions (DN 55, 56, 57, 59)**

In his objection, Bunch has also failed to explain why the Magistrate Judge denied in recommending the denial of his various motions relating to discovery and his efforts to obtain evidence. Accordingly, any objection to those motions is also therefore overruled.

### IV.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objection (DN 66) is **OVERRULED**, and the Report & Recommendation (DN 62) is **ADOPTED**.

2. Plaintiff's Motions for Default Judgment (DN 46, 47) are **DENIED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

3. Plaintiff's Motion to Issue Subpoena (DN 55), Plaintiff's Motion of Compliance to the Court's Third Extension of Time (DN 56), Plaintiff's Motion for Court-Appointed Expert Witnesses (DN 57), and Plaintiff's Motion to Compel (DN 59) are **DENIED**.

4. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

August 28, 2025

cc:     Roy S. Bunch, *pro se*

Janssen Pharmaceuticals
c/o C T Corporation System, Registered Agent
306 W. Main St., Ste. 512
Frankfort, KY  40207